UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Luis Gerardo Cruz, and
Orca Marie Cruz,
a/k/a Orca Marie Arnold,
a/k/a Orca Vizcarra,

    Debtors.
_____/

Chapter 13

Case No. 19-51697

Hon. Phillip J. Shefferly

### OPINION AND ORDER GRANTING IN PART FIRST APPLICATION FOR AWARD OF PRE-CONFIRMATION ATTORNEY FEES IN CHAPTER 13 PROCEEDING

### Background

On December 17, 2020, the Court held a hearing on an application ("Application") (ECF No. 129) for attorney fees filed by Karen E. Evangelista, PC ("Law Firm"). The Law Firm represents the debtors, Luis Cruz and Orca Cruz ("Debtors"), in this chapter 13 case. The Application seeks an extraordinary amount of fees for a chapter 13 case. Specifically, it seeks fees of $46,848.38 and expenses of $717.40, covering the time period from August 1, 2019 through November 18, 2020. There were two objections at the hearing, one by the Debtors' largest creditor, David J. LaLonde ("LaLonde"), and the other by the chapter 13 trustee ("Trustee").

At the end of the hearing, the Court stated that it would review the Application, consider the objections, and then issue an order regarding the Application. This is that order.

A little more background is in order before turning to the governing legal standards for the Application. The Debtors filed their chapter 13 petition on August 13, 2019. To say that the case was vigorously litigated is an understatement. LaLonde challenged every action of the Debtors from day one in this case. That is not to say that LaLonde did so entirely without reason. LaLonde was a long-time friend of the Debtors who, in addition to giving them many substantial gifts over the years, also loaned them $200,000.00 to start a business. Although their legal position shifted over time, the Debtors basically claimed this loan was a gift. The dispute over whether LaLonde made a loan or a gift was at the center of this case throughout. For a whole lot of reasons — including contested discovery, failed mediation and then the coronavirus shutdown — this case took exceptionally long to get to confirmation. But eventually it did.

Following a two-day evidentiary hearing in late September 2020, the Court issued an opinion ("Opinion") (ECF No. 111) on October 12, 2020. The Opinion found that the disputed $200,000.00 was a loan not a gift and allowed LaLonde's claim against both Debtors. The Court denied confirmation of the Debtors' plan but did not dismiss the case, instead giving the Debtors another opportunity to propose

a confirmable plan now that the Court had adjudicated the central dispute between LaLonde and the Debtors. The Court then set a deadline for the Debtors to file an amended plan and a deadline for any objections. After the Debtors filed an amended plan and LaLonde and the Trustee objected to it, the Court held a hearing at which it confirmed the plan. The order confirming the plan was entered on November 18, 2020.

On November 20, 2020, the Law Firm filed the Application. On December 11, 2020, the Trustee filed an objection ("Trustee Objection") (ECF No. 130) and LaLonde filed an objection ("LaLonde Objection") (ECF No. 131).

Legal standards

The Application is governed by § 330(a) of the Bankruptcy Code and the lodestar method from Boddy v. United States Bankruptcy Court (In re Boddy), 950 F.2d 334 (6th Cir. 1991). The lodestar amount "is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." Id. at 337. Neither the Trustee nor LaLonde object to the Law Firm's hourly rates, but they both object to the number of hours expended by the Law Firm.

In re Boddy recognized that there are multiple factors that courts have discretion to consider when deciding the reasonableness of fees. "The bankruptcy court may [ ] exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and

whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area." Id. at 338. Section 330(a)(3) also directs the bankruptcy court, in determining reasonable compensation, to take into account all relevant factors, and provides a non-exclusive list of such factors. Those factors include: whether the services were necessary to the administration of, or beneficial to, the completion of the case; whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issues in the case; and the skill and experience of the professional performing the services. However, § 330(a)(4)(A)(i) also instructs that the bankruptcy court shall not award compensation for unnecessary duplication of services.

"The burden of proof is on the professional requesting compensation for his or her services from the bankruptcy estate." In re Sharp, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007) (citing In re New Boston Coke Corp., 299 B.R. 432 (Bankr. E.D. Mich. 2003)).

### The Trustee Objection

The Court will first consider the Trustee Objection. The Trustee Objection makes two arguments. First, the Application contains "multiple items that are routinely performed" in chapter 13 cases for far less fees. Second, if awarded in full, the fees requested by the Application will prevent the Debtors' confirmed plan, at

- 4 -

19-51697-pjs    Doc 136    Filed 12/22/20    Entered 12/22/20 15:36:09    Page 4 of 11

least as currently funded, from paying the minimum dividend of $64,400.00 guaranteed to unsecured creditors under the plan. For these reasons, the Trustee asserts that that the Law Firm's services did not produce a benefit to the Debtors, their creditors and the estate.

The Trustee's first argument is correct as far as it goes. But it is not enough to say that the Law Firm performed routine services that ordinarily cost much less in other chapter 13 cases without understanding why it cost so much more to perform such services in this case. The single biggest reason is the dispute with LaLonde. As mentioned earlier, LaLonde contested the Debtors' chapter 13 case at every step, objecting to exemptions, taking extensive discovery, moving for relief from the automatic stay, filing multiple objections to confirmation and moving to dismiss the case. Although the Court ultimately agreed in the Opinion with LaLonde's contention that he made a loan to the Debtors and ruled in LaLonde's favor, the Court did not grant LaLonde many of the forms of relief that he sought. The Court disagreed in the Opinion with the Debtors' contention that LaLonde had made a gift to them, but the Court did not find their legal position to be frivolous nor did the Court agree with LaLonde that the Debtors were acting in bad faith. Yes, the routine legal services for a chapter 13 case took more time in this case, but that's largely due to the nature and complexity of the Debtors' dispute with LaLonde, which was only

- 5 -

19-51697-pjs    Doc 136    Filed 12/22/20    Entered 12/22/20 15:36:09    Page 5 of 11

exacerbated by the delays caused by the coronavirus public health crisis. The Court rejects the Trustee's first argument.

The Trustee's second argument warns that if the Application is granted, the Debtors' confirmed plan may fail because there are not enough funds being paid into the plan by the Debtors to still pay the minimum dividend that the plan guarantees to unsecured creditors. The Debtors' case may then have to be dismissed for cause. Barring a change in the Debtors' funding of the confirmed plan, the Trustee's arithmetic may well be right. But the Court's task in determining the reasonableness of fees does not permit the Court to forecast what may be the ultimate disposition of the case in the future. Instead, the Court must examine whether the services were reasonably likely to provide a benefit at the time the services were performed.

The Law Firm's services meet this test. As explained above, the Debtors' legal position was not frivolous, even to the extent that LaLonde prevailed in the Opinion. And the Debtors were ultimately successful in obtaining confirmation of a plan that allows them to keep their home, end their litigation with LaLonde, and pay a substantial dividend to their unsecured creditors — including LaLonde, by far their largest unsecured creditor. The Trustee does not identify at what point the Debtors should have just decided to stop fighting to confirm a plan and throw in the towel. While the amount requested by the Application is undoubtedly extraordinary, the Court does not agree that the Law Firm's services were not reasonably likely to

benefit the Debtors, their creditors or the estate at the time those services were performed.

## The LaLonde Objection

Next, the Court will consider the LaLonde Objection. The LaLonde Objection makes three arguments. First, the Application includes tasks that are not compensable because they are clerical. Second, the Application includes duplicative services. Third, the Application includes services that were not reasonably likely to benefit the Debtors or the estate and were not necessary to the administration of the case.

LaLonde's first argument identifies 7.2 hours of entries that LaLonde says are for services that were clerical in nature and did not require the attention or professional skills of an experienced lawyer. Many of these entries describe "receipt and review" of notices, orders and other papers. Others just say "review." Some just say "drafted correspondence." These entries do not describe any services that require the rendering of professional judgment, legal analysis or other traditional lawyering services. They all describe services that do not require a lawyer. The Court agrees with LaLonde that these entries describe services that are clerical in nature. Clerical or secretarial tasks should not be billed at a paralegal rate, much less an attorney rate. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989). The Law Firm has not met its burden to show that these services are compensable. The

7.2 hours of entries identified by LaLonde add up to $1,980.00 (i.e., 7.2 hours x hourly rate of $275.00). The Court will disallow that amount.

LaLonde's second argument identifies 52 hours of entries that Lalonde says are for duplicative services by two attorneys at the Law Firm, Caralyce M. Lassner and Karen E. Evangelista. Here are some examples:

> 6/17/20: both attorneys billed 0.9 hours for "Appointment with clients regarding pending evidentiary hearing and related matters."
>
> 7/24/20: both attorneys billed 4.7 hours for "Attended Mediation with clients."
>
> 9/18/20: both attorneys billed 1.0 hour for "Attended Webex practice session and final instructions for remote trial as scheduled by the court."
>
> 9/22/20: both attorneys billed 2.7 hours for "Appointment with clients to prepare for evidentiary hearing."
>
> 9/24/20: both attorneys billed 7.0 hours for "Attended Evidentiary Hearing on Objections to Confirmation of Creditor David LaLonde."
>
> 9/29/20: both attorneys billed 4.9 hours for "Attended Evidentiary Hearing on Objections to Confirmation of Creditor David LaLonde."

LaLonde argues that the entries of Ms. Evangelista are duplicative of the entries of Ms. Lassner and should be disallowed.

The Court agrees with LaLonde. Ms. Evangelista and Ms. Lassner are both experienced, skillful consumer bankruptcy attorneys who enjoy fine professional

reputations. Either of them is fully capable of handling all aspects of this case. Ms. Lassner was the lead attorney throughout this case, appearing and arguing at every hearing. Ms. Lassner conducted the evidentiary hearing, handling every witness examination and opening and closing statements. Ms. Evangelista was present at the evidentiary hearing but did not handle any aspect of it. The Court has no doubt that Ms. Evangelista and Ms. Lassner provide each other good and valuable counsel in their daily law practice. But Ms. Evangelista's entries in the Application describe services that are entirely duplicative of the services provided by Ms. Lassner, at least with respect to the specific entries cited by LaLonde. While this was a tough chapter 13 case, it was not a case that was so complex that it required the identical services of both Ms. Lassner and Ms. Evangelista to prepare for and conduct the evidentiary hearing.

Of the 52 hours of duplicative services, the Court will disallow 26 hours of Ms. Evangelista's time. Based on Ms. Evangelista's hourly rate of $300.00, the Court will therefore deny $7,800.00 of fees requested by the Application.

LaLonde's third argument is that some of the Law Firm's services were not reasonably likely to benefit the Debtors, their creditors or the estate, and were not necessary to the administration of the case. Specifically, LaLonde argues that the Debtors advanced frivolous legal positions about whether LaLonde made a loan or a gift; resisted and then delayed compliance with LaLonde's discovery requests;

took advantage of the coronavirus delay to change the terms of their plan; and pursued unattainable objectives. According to LaLonde, all this caused unnecessary litigation.

The Court disagrees. To be sure, this chapter 13 case had more than its fair share of litigation. Both sides fought tooth and nail at every step. But it is not accurate, and it would be unfair, to say that all this litigation was somehow the fault of the Law Firm. Both sides chose to litigate every issue. While they lost on some issues, the Debtors prevailed on others, as explained in detail in the Opinion. Ultimately, the Debtors were successful in confirming their plan. The Court cannot find that the Law Firm's services — at the time they were performed — were not reasonably likely to provide a benefit to the Debtors, their creditors or the estate, or were not necessary to the administration of this case. The Court rejects LaLonde's third argument.

## Conclusion

By any measure, the amount of fees requested by the application is extraordinary. The Court does not recall ever awarding such large fees in a chapter 13 case. But this was no ordinary chapter 13 case. This case was in large part a lawsuit between LaLonde and the Debtors that was going to have to be adjudicated somewhere, either here or in state court. On top of the lawsuit, the Debtors had other debts and issues to address in the chapter 13 case, but it was the

lawsuit with LaLonde that drove the length and expense of this case. Having lived with this case and presided over many hearings in it during the last year and a half, the Court is not surprised at the amount of fees that the Law Firm has incurred.

After carefully reviewing all the time entries, the Trustee Objection, the LaLonde Objection, and all the factors under Boddy and § 330(a), the Court finds that the Law Firm has met its burden to show that the fees requested by the Application should be awarded, with two exceptions. As explained, the Court will disallow $1,980.00 for entries that describe clerical services and $7,800.00 for entries that describe duplicative service. After making those two reductions, totaling $9,780.00, the Court awards fees of $37,068.38 and costs of $717.40.

**IT IS SO ORDERED.**

**Signed on December 22, 2020**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge